UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CORANDILUS WILLIAMS | CIVIL NO. 5:18-cv-0915 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CVS PHARMACY, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a motion to compel arbitration filed by Defendant CVS Pharmacy, Inc. ("CVS"). [Record Document 8]. Because Plaintiff executed a valid arbitration agreement in connection with his employment that covers his employment discrimination claim, the motion is **GRANTED**.

**I. Background**

Plaintiff Corandilus T. Williams ("Williams") filed this Title VII complaint, alleging that he "was written up and told to 'accept' harassment" and that he "was told by my Pharmacist Jessica that my co-workers didn't like me because I'm a man." [Record Document 1 at 1]. CVS responded with the instant motion, which seeks to compel arbitration. [Record Document 8]. Attached to the motion is an agreement to arbitrate, signed by Williams, that contains the following relevant provisions:

> Under this Agreement, You and CVS agree that any dispute between You and CVS that is covered by this Agreement ("Covered Claims") will be decided by a single arbitrator through final and binding arbitration only . . . .
> . . . Covered Claims are any and all claims, disputes, or controversies that . . . You may have, now or in the future, against CVS or one of its employees or agents, arising out of or related to your employment with CVS or the termination of your employment. Covered Claims include . . . harassment,

> discrimination, retaliation, and termination arising under the Civil Rights Act of 1964 . . . .
>             . . . .
>     This arbitration will be administered by the American Arbitration Association ("AAA") and will be conducted in accordance with the Employment Arbitration Rules and Mediation Procedures of the AAA then in effect.

[Record Document 8-2 at 7]. Williams did not file an opposition.

## II.     Law and Analysis

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16 (2012), expresses a strong public policy in favor of arbitration. Under the FAA, a presumption of arbitrability exists and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Wick v. Atl. Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979) (citing *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564 (1960); *Seaboard Coast Line R.R. Co. v. Nat'l Passenger Rail Corp.*, 554 F.2d 657 (5th Cir. 1977) (per curiam)).

The Fifth Circuit has laid out a two-step process in order to determine whether parties have agreed to arbitrate a particular dispute: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement[?]" *Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914 (5th Cir. 2014) (quoting *Sherer v. Green Tree Servicing, LLC*, 548 F.3d 379, 381 (5th Cir. 2008)). State law controls the disposition of the first step. *Id.* (citing *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013)). Under Louisiana law, parties may reciprocally bind themselves to arbitration agreements. La

Civ. Code Ann. arts. 3099–3100 (2015). Such agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." La. Stat. Ann. § 9:4201 (2009). The arbitration agreement between the parties in this case clearly expresses their intent to submit claims related to employment disputes to binding arbitration: "You and CVS agree that any dispute between You and CVS that is covered by this Agreement . . . will be decided by a single arbitrator through final and binding arbitration only." [Record Document 8-2 at 7]. No material before the Court suggests any basis for finding that the arbitration agreement is null due to the absence of an element essential to contract formation. Moreover, the arbitration agreement allows employees to opt out of arbitration and protects employees from retaliation for exercising their opt-out right, [*id.* at 8], suggesting that Williams's consent to the arbitration agreement was not vitiated in any way.

"Unless the parties clearly and unmistakably provide otherwise," the Court determines whether a claim is arbitrable. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). The express adoption of rules that assign the determination of arbitrability to the arbitrator "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Id.* Here, the arbitration agreement provides that arbitration shall be conducted "in accordance with the Employment Arbitration Rules and Mediation Procedures of the AAA." [Record Document 8-2 at 7]. These rules provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." Am. Arbitration Ass'n, *Employment:*

*Arbitration Rules and Mediation Procedures* Rule 6(a) (2009). Therefore, the Court holds that the question of whether to arbitrate this dispute must be decided by the arbitrator.

Because Williams executed a valid agreement to arbitrate his employment-related disputes and because the agreement assigns the question of arbitrability of his Title VII claim to the arbitrator, the Court will grant CVS's motion. As the only claim raised in Williams's complaint is one that is subject to arbitration, it is appropriate for this Court to dismiss his case. *See Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992).

### III. Conclusion

In light of the foregoing, CVS's motion to compel arbitration and dismiss this matter is **GRANTED**.

**IT IS ORDERED** that Plaintiff is compelled to arbitrate his Title VII claims against CVS in accordance with the arbitration agreement.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of December, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE